UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSE BOGAERT,

        Plaintiff,

v.

        File No.  1:08-CV-687

        HON. ROBERT HOLMES BELL

TERRI LYNN LAND, individually and in
her official capacity as Michigan Secretary
of State,

        Defendant.
                                                /

## MEMORANDUM OPINION AND ORDER

This matter is set for a hearing on Plaintiff Rose Bogaert's motion for a preliminary injunction on Thursday, July 31, 2008.  Plaintiff filed this lawsuit and the motion for a preliminary injunction on July 18, 2008.

This matter is presently before the Court on four motions.  First, Movant Andrew Dillon moves to intervene under Federal Rule of Civil Procedure 24(a)(2). (Dkt. No. 8.) Second, Movants Wayne County Clerk Cathy M. Garrett ("Wayne County Clerk") and Wayne County Election Commission move to intervene under Rule 24(a)(2).  (Dkt. No. 13.) Third, Defendant Terri Lynn Land moves to file a response to Plaintiff's motion for a preliminary injunction that exceeds the page limit set by the Court's Local Rules.  (Dkt. No. 20.)  Fourth, Plaintiff moves to file a reply to Defendant Land's response that exceeds the page limit set by the Court's Local Rules.  (Dkt. No. 22.)

Plaintiff organized a petition drive to recall Michigan State Representative Andrew Dillon. Mr. Dillon represents the Seventeenth House District in the Michigan House of Representatives and is also the Speaker of the House. Plaintiff alleges that Defendant Terri Lynn Land, as Michigan Secretary of State, struck 2,053 signatures from those gathered as part of Plaintiff's recall effort because the petition circulators were not qualified electors under Michigan Compiled Laws § 168.957, which requires petition circulators for a recall petition to be registered to vote and to be residents of the legislative district of the official to be recalled. Plaintiff alleges that as a result of the signatures stricken by Defendant Land, the recall effort she organized did not have the number required for the recall to be placed on the ballot. Plaintiff contends that Michigan Compiled Laws § 168.957 violates her rights under the First Amendment of the Federal Constitution. Plaintiff's motion for a preliminary injunction seeks to have Court order Defendant Land to:

> (1) restore the 2,053 stricken signatures to Plaintiff's petition; (2) declare the petition sufficient; and call an election for the recall of Rep. Andy Dillon for the November 4, 2008 general election.

(Dkt. No. 2, Pl.'s Mot. for Prelim. Inj. 6.)

Federal Rule of Civil Procedure 24(a)(2) provides that:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
>> . . . .
>
>> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may

> as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  "A proposed intervenor must establish four elements to be entitled to intervene as of right: (1) that the motion to intervene was timely; (2) that the intervenor has a substantial legal interest in the subject matter of the case; (3) that its ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent its interest."  *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999)).  "Rule 24 should be 'broadly construed in favor of potential intervenors.'"  *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (quoting *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991)).

"The determination of whether a motion to intervene is timely 'should be evaluated in the context of all relevant circumstances.'"  *Stupak-Thrall*, 226 F.3d at 472 (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)).  Movant Dillon moved to intervene on July 25, 2008, which is one week after this lawsuit was filed.  Movants Wayne County Clerk and Wayne County Election Commission moved to intervene on July 28, 2008, which is ten days after this lawsuit was filed.  The Court finds that Movants have timely sought to intervene based on the short amount of time that passed between Plaintiff filing this lawsuit and Movants seeking to intervene.

"The proposed intervenors must show that they have a substantial interest in the subject matter of this litigation."  *Grutter*, 188 F.3d at 398.  Although the Sixth Circuit "'has

3

opted for a rather expansive notion of the interest sufficient to invoke intervention of right,' *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997), this does not mean that any articulated interest will do." *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 780 (6th Cir. 2007) (citing *Northland Family Planning*, 487 F.3d at 344, and *Stupak-Thrall*, 226 F.3d at 472). Movant Dillon is the representative who Plaintiff seeks to recall, so he clearly has a substantial legal interest in the subject of this action. Movants Wayne County Clerk and Wayne County Election Commission seek to intervene because if the Court grants Plaintiff's motion for a preliminary injunction they would have obligations related to administering the recall election as part of the November 4, 2008, general election. Movants Wayne County Clerk and Wayne County Election Commission contend that administering the recall election sought by Plaintiff would place them in violation of Michigan laws other than those challenged by Plaintiff. On this basis the Court finds that Movants Wayne County Clerk and Wayne County Election Commission have a substantial legal interest in the subject of this action. The Court also notes that Movants Dillon and Wayne County Election Commission were parties to the related state-court litigation.

      The Court must next determine if disposing of this lawsuit will impair or impede Movants' ability to protect their interest. If the Court grants a preliminary injunction Movants Dillon, Wayne County Clerk, and Wayne County Election Commission would be subject to the effect of that injunction. Movant Dillon's interest would be impeded because he would then be subject to a recall election in the November 4, 2008, general election.

Movants Wayne County Clerk and Wayne County Election Commission's interests would be impeded because the preliminary injunction would obligate them to administer the recall election as part of the November 4, 2008, general election.  Therefore the Court finds that disposing of this lawsuit without Movants will impeded Movants' ability to protect their interests.

Lastly, the Court must determine if the parties already before the court may not adequately represent Movants' interests.  The requirement that the parties already before the court may not adequately represent the movant's interest is "satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (citing 3B *J. Moore,* Federal Practice § 24.09-1 (4) (1969)).  *See also Grutter*, 188 F.3d at 399.  Movant Dillon contends that his interest is inadequately represented by Defendant Land because Defendant Land is the administrator of the statute be challenged, while he is the officeholder whose recall is sought.  Movants Wayne County Clerk and Wayne County Election Commission's proposed response to Plaintiff's motion for a preliminary injunction articulates administrative issues about the preliminary injunctions distinct from the issues raised by Defendant Land.  Therefore, the Court finds that Defendant Land may not adequately represent Movants' interests.  The Court concludes that Movants Dillon, Wayne County Clerk and Wayne County Election Commission have satisfied the requirements for intervention as of right under Federal Rule of Civil Procedure 24(a)(2).

With respect to the motions to file in excess of the page limits set by the Court's Local Rules, the Court finds that Defendant Land and Plaintiff have shown good cause for exceeding the page limits set by the Local Rules by three and five pages, respectively.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Andrew Dillon's motion to intervene (Dkt. No. 8) and Movants Wayne County Clerk Cathy M. Garrett and Wayne County Election Commission's motion to intervene (Dkt. No. 13) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff **SHALL** have until Wednesday, July 30, 2008, at 2:00 p.m. to file a reply to Intervenors Andrew Dillon's response (Dkt. No. 10) and Intervenors Wayne County Clerk Cathy M. Garrett and Wayne County Election Commission's response (Dkt. No. 15) to her motion for a preliminary injunction.

**IT IS FURTHER ORDERED** that Defendant Land's motion to file a brief in excess of the page limits (Dkt. No. 20) and Plaintiff's motion to file a brief in excess of the page limits (Dkt. No. 22) are **GRANTED**.

Date:   July 29, 2008              /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED STATES DISTRICT JUDGE