UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSE BOGAERT,

      Plaintiff,

v.

TERRI LYNN LAND, individually and in her official capacity as Michigan Secretary of State,

      Defendant,

ANDREW DILLON, WAYNE COUNTY CLERK CATHY M. GARRETT, and WAYNE COUNTY ELECTION COMMISSION,

      Intervenors.
_____/

File No.  1:08-CV-687

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER
<u>DENYING MOTIONS FOR RECONSIDERATION AND STAY</u>**

On August 27, 2008, this Court entered a preliminary injunction requiring Defendant Terri Lynn Land to re-examine the petitions filed seeking a recall election against Representative Andrew Dillon without consideration of the M.C.L. § 168.957 requirements that the recall petition circulators be registered to vote and be residents of the legislative district of the official to be recalled.  (Dkt. No. 38, Prelim. Inj.)  This matter is now before the Court on Representative Dillon's emergency motion for reconsideration (Dkt. No. 40, Dillon's Mot. for Reconsid.) and Defendant Land's emergency motion for stay.  (Dkt. No. 41, Pl.'s Mot. for Stay.)

Under the Local Rules of Civil Procedure for the Western District of Michigan a party who moves for reconsideration "shall not only demonstrate a palpable defect by which the Court and the parties have been mislead, but also show that a different disposition of the case must result from a correction thereof." LCivR 7.4(a).

Representative Dillon has presented evidence that he did not do a thorough investigation of the authenticity of the signatures on petitions circulated by non-residents or non-registered voters because he already knew that those petitions were invalid. (Dkt. No. 40, Att. 1, Fisk Aff. ¶¶ 10, 13.) Representative Dillon contends that if the signatures collected by non-residents and/or non-registered voters are not invalidated, then he needs additional time to examine those signatures to determine whether they are genuine.

Representative Dillon further contends that there is some disagreement as to whether the preliminary injunction requires Plaintiff to re-examine all of the petitions or only those that were rejected because of the residency and registration requirements of M.C.L. § 168.957. According to Representative Dillon, denial of his statutory right to challenge petition signatures and the failure to clearly state the nature and scope of the re-examination of the petitions constitutes a palpable defect which may cause him irreparable injury.

Upon review the Court is not convinced that the preliminary injunction contains a palpable defect that requires a different disposition of the case. Representative Dillon was well aware of the tight schedule for challenging the recall petitions. Michigan law does not guarantee that state representatives will be given a second opportunity to challenge recall

2

petitions in the event some portion of the state law is deemed to be unconstitutional. There was no impediment to his raising all of his challenges to the recall petitions by the June 2, 2008, deadline for submitting challenges. Representative Dillon effectively waived his right to challenge the authenticity of the signatures on the petitions circulated by non-residents and/or non-registered voters by failing to timely raise those challenges.

As this Court's opinion makes clear, the only petitions that need to be re-examined are petitions that were rejected on the basis of the residency or registration requirements of M.C.L. § 168.957. (8/27/08 Op. 39-40.)

Defendant Land has asserted that ballot information must be complete and forwarded to local election officials for printing by September 8, 2008. Defendant contends that in the event the Court grants Representative Dillon any of the relief requested in his motion for reconsideration she will be unable to fully comply with the Court's order. She accordingly requested a stay in the event the Court grants in whole or in part Representative Dillon's motion for reconsideration. Because the Court is denying the relief requested by Representative Dillon, Defendant's motion for a stay is moot. Accordingly,

**IT IS HEREBY ORDERED** that Intervening Defendant Andrew Dillon's motion for reconsideration (Dkt. No. 40) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Terri Lynn Land's motion for stay (Dkt. No. 41) is **DENIED AS MOOT**.

Dated: August 29, 2008            /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE