UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSE BOGAERT,

       Plaintiff,

v.

TERRI LYNN LAND, individually and in
her official capacity as Michigan Secretary
of State,

       Defendant,

and

ANDREW DILLON, WAYNE COUNTY
CLERK CATHY M. GARRETT, and
WAYNE COUNTY ELECTION
COMMISSION,

       Intervenors.
       _____/

File No. 1:08-CV-687

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This action comes before the Court on the Intervenors' motions to withdraw or to be dismissed. (Dkt. Nos. 55, 58.) Plaintiff opposes the motions. (Dkt. Nos. 56, 60.) For the reasons that follow the motions will be granted.

**I.**

Plaintiff Rose Bogaert filed this action against Secretary of State Terri Lynn Land, challenging the constitutionality of Michigan's ban on out-of-district unregistered recall

petition circulators, Mich. Comp. Laws § 168.957, and requesting that the petition for the recall of Representative Andrew Dillon be placed on the November 2008 ballot. (Dkt. No. 1, Compl.) Representative Dillon, who was the subject of the recall petition, and Wayne County Clerk Cathy Garrett and the Wayne County Election Commission, who were responsible for the final preparation of the ballot in the state legislative district represented by Representative Dillon, were permitted to intervene in the action. (Dkt. No. 23.) On August 27, 2008, the Court entered a preliminary injunction declaring the registration and residence requirements of § 168.957 to be unconstitutional and requiring the Secretary of State to re-examine the recall petitions without consideration of those registration and residence requirements. (Dkt. No. 38.) Upon re-examination of the ballots the Secretary of State certified the recall initiative for placement on the November 4, 2008, general election ballot. Now that the November 4, 2008, general election has concluded, Intervenors Dillon, Garrett, and the Wayne County Election Commission request to withdraw or to be dismissed from this action pursuant to Fed. R. Civ. P. 21.

**II.**

Rule 21 permits the district court to "at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "Pursuant to Rule 21, a court may exercise its discretion to drop a party from a lawsuit sua sponte whose presence no longer affects the issues being litigated." *Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 267 (6th Cir. 2003) (internal quotations marks omitted), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt.*,

LLC, 511 F.3d 633, 636 (6th Cir. 2008). However, a court may not drop a party that is deemed indispensable under Rule 19. *George S. Hofmesiter Family Trust Dated June 21, 1991 v. FGH Industries, LLC*, No. 06-CV-13984-DT, 2006 WL 3741906, at *6 (E.D. Mich. Dec. 15, 2006). *See also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . ."); *Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1155 (11th Cir. 1985) (holding that before dismissing a party pursuant to Rule 21, a court must first make a finding that the party is not an indispensable party).

## III.

Representative Dillon has requested to withdraw or to be dismissed from this action because he is not an indispensable party and he no longer has an interest in the litigation. Plaintiff does not object to Representative Dillon's dismissal from the case, but contends that any dismissal should be subject to two conditions: first, that Representative Dillon make documents and witnesses available in discovery and at trial, and second, that any dismissal be without prejudice to Plaintiff's ability to seek attorney's fees from him pursuant to 42 U.S.C. § 1988 or Fed. R. Civ. P. 11.

The Court is not persuaded that either condition is appropriate. Plaintiff has not demonstrated that Representative Dillon would not be subject to third-party discovery in the absence of an order from this Court. Accordingly, the Court observes no need to condition dismissal on an order requiring Representative Dillon to produce documents or witnesses for discovery or trial.

As to attorney's fees, attorney's fees pursuant to a fee-shifting statute such as § 1988, may be assessed "against losing intervenors only where the intervenors' action was frivolous, unreasonable, or without foundation." *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989). The inquiry is limited to whether the intervention itself was in good faith. *Id.* at 765. *See also Heald v. Granholm*, 457 F. Supp. 2d 790, 792 (E.D. Mich. 2006) ("The rule to be gleaned from *Zipes* is that a prevailing plaintiff may not obtain attorney fees from a losing intervening defendant, pursuant to a fee-shifting statute such as § 2000e-5(k) or § 1988, unless the intervening defendant's position was frivolous, unreasonable, or without foundation."). This Court has already determined that Representative Dillon's intervention satisfied the requirements for intervention as a matter of right under Fed. R. Civ. P. 24(a)(2). (Dkt. No. 23, 07/29/08 Order.) Accordingly, Representative Dillon's intervention itself was in good faith, and he is not subject to fee-shifting under § 1988. Of course, by presenting his pleadings to this Court Representative Dillon subjected himself to the requirements of Rule 11. Plaintiff suggests that further discovery may reveal that Representative Dillon's allegations of fraud and forgery did not have a factual basis, and that she needs to keep open the possibility of filing a motion for Rule 11 sanctions. To date, Plaintiff has not brought a motion for Rule 11 sanctions against Representative Dillon, and the Court will not condition the dismissal of Representative Dillon on Plaintiff's speculation that further discovery might produce a basis for such sanctions.

**IV.**

County Clerk Garrett and the Wayne County Election Commission (the "County Intervenors") have requested to withdraw or to be dismissed from this action because they no longer have an interest in this matter and are not indispensable parties to the trial of the underlying constitutional issue.

Plaintiff objects to the motion based on her assertion that the County Intervenors are necessary parties. Plaintiff contends that based upon their arguments before this Court and the Sixth Circuit Court of Appeals, the County Intervenors did not act as a neutral election authority concerned about following their own statutory obligations, but instead joined the legal arguments of the Defendant and Representative Dillon in actively trying to avoid a recall vote at all costs. Plaintiff contends that because the County Intervenors have asserted that they retain some discretion on whether or not to place a question on the ballot, and because they continue to assert that § 168.957 is constitutional, it is necessary to keep them as parties in this action to ensure that they will be subject to the Court's rulings. Plaintiff contends that unless the County Intervenors acknowledge that § 168.957 is unconstitutional and unless they agree to be bound by any decision of this Court, Plaintiff will not be able to obtain complete relief.

Plaintiff concedes that this action is a challenge to Michigan's ban on out-of-district or unregistered recall circulators. (Dkt. No. 60, Pl.'s Br. in Opp'n 1.) Contrary to Plaintiff's assertions, the County Intervenors are not necessary parties to the resolution of this

constitutional challenge to a state statute.  Moreover, the County Intervenors have complied with this Court's previous orders and there is no basis for anticipating that they will not follow the law in the future.  Plaintiff's concern that the County Intervenors might place some other as yet undefined obstacles in the way of her ability to place future questions on the ballot, is vague, hypothetical, and speculative and is not before this Court.  The Court concludes that the County Intervenors are no longer necessary parties to this action.

For the reasons stated herein, the Court will grant the Intervenors' motions to withdraw from this action.

An order consistent with this opinion will be entered.


Dated: April 14, 2009                                    /s/ Robert Holmes Bell
                                                         ROBERT HOLMES BELL
                                                         UNITED STATES DISTRICT JUDGE